UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BORZOO FAIZY and MONDANA TAGHIZADEH, individually and derivatively on behalf of MF RESTAURANT HOLDINGS, LLC | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:17-CV-0927-B |
| ALIDAD MESGHALI, STEPHEN KAPLAN, MARYAM TABASSIAN, and RUMI'S KITCHEN LLC, | § § § § | |
| Defendants, | § § | |
| and | § § | |
| MF RESTAURANT HOLDINGS, LLC | § § | |
| Nominal Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a partnership dispute. Plaintiffs sued Defendants individually and on behalf of MF Restaurant Holdings LLC in state court. Defendants removed the action to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand claiming that complete diversity does not exist because a member of Defendant MF Restaurant Holdings is a citizen of the same state as Plaintiffs. Doc. 12. Defendants counter that MF Restaurant Holdings' citizenship should not be considered when determining diversity of citizenship because it is only a nominal defendant to the case. *See Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)(finding that a party is a nominal defendant such that its citizenship does not destroy diversity only if, "in the

absence of the [party], a court could enter final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff"). Here, as discussed below, the Court concludes that MF Restaurant Holdings is a real party to the controversy and essential to a fair and equitable final judgment in this case. For that reason, complete diversity does not exist; thus, the Court does not have subject matter jurisdiction over the case. Therefore, Plaintiffs' Motion to Remand is **GRANTED**.[1]

# I.

# BACKGROUND[2]

In 2015, Plaintiff Borzoo Faizy and Defendant Alidad Mesghali allegedly entered into a partnership to open several Persian themed restaurants in Dallas, Texas, similar to those Mr. Mesghali owns in Atlanta, Georgia. Doc. 12, Pls.' Mot. to Remand, 2. As part of the venture, Plaintiff Mondana Taghizadeh, Mr. Faizy's wife, formed an LLC with Mr. Mesghali called MF Restaurant Holdings LLC (MFRH). *Id*. The purpose of MFRH, according to its Operating Agreement, was to "(a) own and operate restaurants or other food/drink service establishments . . . and (b) do all things necessary, convenient, or incidental to the foregoing." Doc. 12, Pls.' Mot. to Remand, Ex. A, 19. According to Provision 2.3 of the Agreement, "[u]pon the formation of the LLC, the LLC shall automatically become a party to [the] Agreement." *Id*. at 21. Allegedly, Mr. Mesghali and his co-defendants breached the Operating Agreement and failed to "make reasonable efforts"

---

[1] Because the Court lacks subject matter jurisdiction over this case, it declines to address the parties' disagreement about whether the Operating Agreement's forum selection clause precludes litigation in federal court.

[2] This factual history is drawn from the parties' state court pleadings pending at the time of removal, as well as from the parties' briefing on the present Motion to Remand. Any disputed fact is noted as the contention of a particular party.

to open any restaurants in Dallas, which caused Plaintiffs to incur damages and liabilities personally and on behalf of MFRH. Doc. 12, Pls.' Mot. to Remand, 2.

In March 2017, Plaintiffs filed suit, pleading fourteen causes of action stemming from Defendants' purported failure to comply with the Agreement. Doc. 1-7, Defs.' Notice of Removal, Ex. 7, 10–17. Most of these causes of action were brought by Plaintiffs individually, but two claims were brought as derivative actions on behalf of MFRH. *Id*. at 12–13. Defendants removed the suit to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, Defs.' Notice of Removal, 2. Defendants initially claimed that complete diversity existed because all Plaintiffs were citizens of Texas and all Defendants, including MFRH, were citizens of Georgia. *Id*. at 4. But Plaintiffs point out in their Motion to Remand that Defendants ascertained MFRH's citizenship erroneously by looking to its place of incorporation and principal place of business, both of which are in Georgia. Doc. 1, Defs.' Notice of Removal, 4. Plaintiffs maintain that MFRH is an LLC, and an LLC's citizenship is the same as its members'. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Accordingly, Plaintiffs reason, because Ms. Taghizadeh is a citizen of Texas and a member of MFRH, MFRH is also a citizen of Texas; therefore, diversity does not exist. Doc. 12, Pls.' Mot. to Remand, 3–4. Now, Defendants do not dispute that MFRH is a citizen of Texas, but ask the Court to find that MFRH is a nominal defendant so that its citizenship should not be considered when determining diversity. Doc. 18, Defs'. Resp. to Mot. to Remand, 3–4.

## II.

## LEGAL STANDARDS

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action that falls within the original jurisdiction of the district courts. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). But removal is only proper in such cases if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974).[3]

Complete diversity is necessary only among "real parties to the controversy;" therefore, a federal court can disregard nominal parties when assessing diversity. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61(1980). Whether a party is nominal "is not dependant on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, *4 (5th Cir. May 4, 2009). For example, a party to an agreement is indispensable to a controversy interpreting rights and obligations under that agreement. *Exigis LLC v. City of Dall.*, No. 3:15-CV-1372-N, 2015 WL 11022869, * 1 (N.D. Tex. Aug. 11, 2015). Similarly, in derivative actions, the business entity is a real party to the controversy because

---

[3]Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 278.

it possesses the right that was allegedly violated. *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994); *Lee v. Ty Equity Grp. Inc.*, No. Civ. A. 3:01-CV-0253, 2001 WL 1401395, *2 (N.D. Tex. Nov. 8, 2001). In those situations, a court could not enter a final judgment in the absence of that party that would be "consistent with equity and good conscience [and that] would not be in any way unfair or inequitable to the plaintiff." *Acosta,* 452 F.3d at 379.

## III.

## ANALYSIS

The parties do not disagree about the proper test to determine an LLC's citizenship or that MFRH is an LLC. Therefore, whether to remand this case hinges only upon whether MFRH is a nominal party. Defendants argue that MFRH is a nominal defendant because it is labeled as such in Plaintiffs' petition and because Plaintiffs do not assert any claims against MFRH or request any relief from MFRH specifically. Doc. 18, Defs.' Resp., 3–4.[4] Plaintiffs respond that MFRH's label as a nominal defendant is a merely procedural requirement and that, in addition to asserting derivative claims on MFRH's behalf, which makes MFRH a real party to the controversy, they have asserted direct claims against MFRH. Doc. 20, Pls.' Reply to Mot. to Remand, 2–3.

The Court finds that Defendants have not met their burden of establishing that MFRH is a nominal defendant. A party's label as a nominal defendant does not determine whether the party is a real party to the controversy. And although Plaintiffs do not assert any claims against only MFRH,

---

[4] Defendants suggest that Plaintiffs had a "misplaced belief that [MFRH's] inclusion could preclude removal," Doc. 18, Defs.' Resp., 4, but Plaintiffs deny that allegation, Doc. 20, Pls.' Reply, 3. Because the Defendants make only a bare-boned allegation that Plaintiffs intended to defeat diversity by joining MFRH, the Court will not construe Defendants' nominal defendant claim as a claim of improper joinder. *See Parks v. N.Y. Times Co.*, 308 F.3d 474, 478 (5th Cir. 1962) ("A claim of fraudulent joinder must be pleaded with particularly and supported by clear and convincing evidence.").

they bring two claims as derivative actions on behalf of MFRH. Indeed, in their Notice of Removal, Defendants acknowledge that in derivative actions the business entity should be included as a defendant. Doc. 1, Defs.' Notice of Removal, 4. In addition, the rights and duties of the parties under the Operating Agreement are at issue in Plaintiffs' claims, and Defendants agree that MFRH is a party to the Operating Agreement. Doc. 18, Defs.' Resp., 5. Defendants have not cast doubt on the validity of Plaintiffs' claims. Thus, as either a business entity the rights of which are at issue or a party to an agreement at issue, MFRH is a real party to the controversy and the Court could not enter a final judgment absent MFRH that would be consistent with equity and good conscience.

Because Defendants have not met their burden of proving MFRH is a nominal defendant, the Court will consider its citizenship when assessing diversity. MFRH's citizenship is the same as the citizenship of its members, Ms. Taghizadeh and Mr. Mesghali. It is not disputed that Ms. Taghizadeh is a citizen of Texas. Therefore, because MFRH is a citizen of Texas and so are the plaintiffs, complete diversity is lacking and the Court does not have subject matter jurisdiction over this case. Thus, Plaintiffs' Motion to Remand is **GRANTED**.

IV.

ATTORNEY FEES

Plaintiffs' Motion also seeks attorney fees for the costs incurred responding to Defendants' Notice of Removal. Doc. 12, Pls.' Mot. to Remand, 6–7. When a district court remands a case it has discretion to award attorney fees pursuant to 28 U.S.C. §1447(c) but "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,141 (2005). The court should consider "the objective merits of removal at the time of removal" irrespective of whether remand is eventually granted. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290,

293 (5th Cir. 2000).

Here, Defendants removed on the basis that diversity jurisdiction existed because all plaintiffs were diverse from all defendants; Defendants did not claim in its Notice of Removal that MFRH was a nominal defendant. Defendants used the wrong standard to determine MFRH's citizenship in its Notice of Removal. If Defendants had used the correct standard for assessing an LLC's citizenship it would have been apparent that complete diversity did not exist. Therefore, the Court finds that Defendants lacked an objectively reasonable basis for seeking removal at the time it did so. Thus, the Court **GRANTS** Plaintiffs' request for attorney fees. Plaintiffs have seven days to submit the necessary documents to establish the amount of fees the Court should award.

SO ORDERED.

**SIGNED: October 13, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE