UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BORZOO FAIZY and MONDANA TAGHIZADEH, individually and derivatively on behalf of MF RESTAURANT HOLDINGS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ALIDAD MESGHALI, STEPHEN KAPLAN, MARYAM TABASSIAN, and RUMI'S KITCHEN LLC,<br><br>Defendants,<br><br>and<br><br>MF RESTAURANT HOLDINGS, LLC<br><br>Nominal Defendant. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-0927-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Application for Attorneys' Fees and Costs. Doc. 34. For the reasons set forth below, the Court awards Plaintiffs attorneys' fees of $21,477.50.

### I.

### BACKGROUND

This case arose from a partnership dispute. Plaintiffs sued Defendants individually and on behalf of MF Restaurant Holdings LLC in state court, and Defendants removed the action to this Court on the basis of diversity jurisdiction. Doc. 1, Notice of Removal. The Court remanded the case, finding Defendant MF Restaurant Holdings was not a nominal defendant, which meant its

citizenship must be considered when assessing diversity. Doc. 32, Order, 5–6. Because MF Restaurant Holdings was a citizen of the same state as Plaintiffs, complete diversity did not exist and remand was proper. *Id.* at 6. The Court also awarded Plaintiffs attorneys' fees pursuant to 28 U.S.C. § 1447 (c) because Defendants "lacked an objectively reasonable basis for seeking removal." *Id.* at 6–7. Plaintiffs then filed their Application for Attorneys' Fees and Costs, which is ripe for review.

## II.

## LEGAL STANDARDS

When a Court awards a party attorneys' fees after a § 1447(c) remand order, the party may recover only "costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). "[O]rdinary litigation expenses that would have been incurred had the action remained in state court are not recoverable." *Id.*

Courts in the Fifth Circuit apply a two-step method to determine whether the costs and fees incurred as a result of removal are reasonable. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). Courts "first calculate the lodestar, 'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.' In calculating the lodestar, '[courts] should exclude all time that is excessive, duplicative, or inadequately documented.'" *Id* at 392. (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372, 379–80 (5th Cir. 2010)). Although the lodestar is presumed reasonable, courts then move to the second step and evaluate the fees sought based on the twelve *Johnson* factors. *Id*; *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors).

**III.**

**ANALYSIS**

Plaintiffs request $33,737.50 in attorneys' fees and $333.33 in costs. Doc. 34, Pls.' Appl., 2. The requested award includes attorneys' fees for: (1) opposing removal/seeking remand, (2) federal court ordered conferences and reports, (3) application for attorneys' fees and costs, (4) responding to Defendants' motions for extension of time, (5) responding to Defendants' counterclaims, and (6) discovery and Plaintiffs' motion to compel discovery. *Id.* at 4–5, Ex. A-5. Defendants oppose Plaintiffs' request for fees associated with discovery and Defendants' counterclaim on the ground that those are ordinary litigation expenses that would have been incurred in state court too. Doc.35, Defs.' Obj., 3–6. They also argue that the amount of fees Plaintiffs request for the Application is unreasonable because of the hours sought and rate used and that the amount of fees Plaintiffs request for opposing removal and seeking remand is unreasonable because those fees include "questionable and vague time entries." *Id.* at 7–10.

  A.  *Fees Associated with Discovery and Defendants' Counterclaim*

Plaintiffs seek $9715 in fees associated with discovery and Defendants' counterclaim. Doc. 34, Pls.' Appl., Ex. A-5. The Court agrees with Defendants that Plaintiffs may not recover these fees because they are ordinary litigation expenses. Plaintiffs acknowledge that some expenses related to discovery are ordinary litigation expenses they would have incurred in state court and consequently request an award of only half of their discovery-related expenses. *Id.* at 4. But they argue the other half of discovery-related expenses, including time spent on their motion to compel, should be included in the award because Plaintiffs were required to re-file their motion to compel in state court and may be required to re-serve discovery requests. *Id.* at 5; Doc. 36, Pls.' Reply, 2–3. Although

Plaintiffs were required to re-file their motion to compel, re-filing the motion should not take much time or expense. *See W. Healthcare, LLC. v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *6 (N.D. Tex. Dec. 28, 2016) (denying the plaintiff's requests for fees incurred responding to the defendants' motions to dismiss in federal court because responding to the same motions in state court would not require much additional time). Further, Plaintiffs have not yet been required to re-serve discovery requests, so they cannot claim they have incurred costs beyond those they would have incurred had the action remained in state court. And even if they are required to re-serve, just like refiling their motion, re-serving discovery requests should not take much time or expense.

Neither may Plaintiffs recover for fees associated with responding to Defendants' counterclaim. Plaintiffs acknowledge Defendants would have likely filed their counterclaim in state court too but argue that because the pleading requirements are more stringent in federal court, they spent more time responding to Defendants' counterclaims than they would have had the action remained in state court. Doc. 36, Pls.' Reply, 4. But the issues in the counterclaim are not particular to federal court and will need to be addressed in the state court litigation anyway. *See W. Healthcare LLC*, 2016 WL 7735761, at *6. Therefore, Plaintiffs' time spent responding to Defendants' counterclaim is not an expense incurred as a result of improper removal.[1] Because Plaintiffs may not recover for discovery-related expenses or responding to Defendants' counterclaim, Plaintiffs' fee award is reduced by $9715.

---

[1] The parties also dispute whether Plaintiffs should be precluded from an award of fees related to discovery and Defendants' counterclaim because Plaintiffs failed to request a stay of the proceedings pending result of their motion to remand. Doc. 35, Defs.' Obj., 5; Doc. 36, Pls.' Reply, 3–4. Because the Court finds alternative grounds for denying an award of these fees, it declines to address this issue.

*B.     Fees Associated with Application for Attorneys Fees*

Plaintiffs request $10,382.50 in fees associated with their Application. Doc. 34, Pls.' Appl., Ex. A-5. Defendants argue that the fees associated with Plaintiffs' Application are excessive because they constitute over thirty percent of the total fees requested and because some of the associated work could have been performed by a non-lawyer at a lower rate. Doc. 35, Defs.' Obj. 7–9. Specifically, Defendants argue that the hours charged by Plaintiffs' Senior Counsel Lisha Bautista for reviewing invoices in preparation of the Application and preparing an exhibit reflecting time expended in federal court could have been done by a legal assistant. *Id.* at 8–9. Defendants also argue that Plaintiffs have not met their burden of proof for the estimated fees. *Id.* at 8. The Court finds that Plaintiffs may recover all already-incurred fees associated with their Application but not estimated fees.

Defendants are correct that clerical work performed by attorneys is not recoverable as attorneys' fees. *Black v. SettlePou*, P.C., No. 3:10-cv-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 14, 2014). But the Court is not convinced that work challenged here constitutes clerical work. In *Black*, the court denied fees for hours spent "calendaring deadlines, filing appearance forms, [and] ordering transcripts." *Id.* Here, Plaintiffs claim Ms. Bautista's work involved identifying legal issues and arguments and analyzing the strategy of work performed in federal court. Doc. 36, Pls.' Reply, 6. Even if this characterization is not explicit in Plaintiffs' descriptions of Ms. Bautista's work, the descriptions they provide sufficiently distinguish Ms. Bautista's work from the tasks in *Black*. The Court therefore finds that because Ms. Bautista's work is legal and not clerical, Plaintiffs may recover for her time spent preparing the Application. Defendants do not dispute that Ms. Bautista's hourly rate is reasonable; thus, Plaintiffs' may recover the full amount requested for Ms. Bautista's work

preparing the Application.[2]

But Plaintiffs may not recover for the fees they estimate they will incur responding to Defendants' objections to their Application. Section 1447(c) allows for attorneys' fees incurred as a result of improper removal; it does not provide for projected fees. And at the time Plaintiffs' filed their Application, fees for responding to Defendants' objections to their Application were merely projected. Plaintiffs request $2545 in estimated fees. Doc. 34, Pls.' Appl., Ex. A-3. Because Plaintiffs may not recover these fees, their fee award is further reduced by $2545[3].

After subtracting the estimated fees, the Court finds the fees for the Application are not excessive. Defendants argue that the fee amount for the Application is excessive because it constitutes over thirty-percent of the total fees claimed. Doc. 35, Defs.' Obj., 7–8. But considering what percentage of total fees a particular category of fees represents is not helpful to determining whether those fees are excessive. After all, Defendants also argue that Plaintiffs may not recover fees associated with discovery or Defendants' counterclaims, and subtracting those fees from the total award only increases the percentage of the award represented by fees associated with the Application.

After the Court subtracts Plaintiffs' estimated fees, Plaintiffs' total fee for the Application is

---

[2] Defendants do not challenge the hourly rate charged by Plaintiffs' other attorney, Todd Harlow, either. Thus, the Court will accept Plaintiffs' hourly rates as the "prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392. Similarly, Defendants do not argue that the *Johnson* factors warrant a reduction in fees, except for their argument that some of the work in preparation of the Application could have been performed by a non-lawyer. Doc. 35, Defs.' Obj., 8–9. Because the Court has separately addressed the work in preparation of the Application and because the lodestar is presumed to be reasonable, the Court declines to undertake a separate analysis of the fees in light of the *Johnson* factors.

[3] Plaintiffs estimated fees include one hour of Mr. Harlow's time and 7.8 hours of Ms. Bautista's time. Doc. 34, Pls.' Appl., Ex. A-3. Mr. Harlow's hourly rate is $400 and Ms. Bautista's hourly rate is $275. *Id.* at 6. Thus, the estimated fees total $2545.

$7839.50 for twenty-seven hours of work. *See* Doc. 34, Pls.' Appl., Ex. A-5. This is approximately $3000 less and ten hours fewer than the fees and time Plaintiffs spent on their motion to remand and responsive briefing. *See id.* The Court finds Plaintiffs' time and fees for the Application reasonable. Thus, Plaintiffs may recover all fees actually incurred in preparation of their Application.

  C.  *Fees for Opposing Removal and Seeking Remand*

  Plaintiffs seek $10,682.50 in fees for opposing removal and seeking remand. *Id.* Defendants claim this fee should be reduced because it includes "questionable and vague" time entries. Doc. 35, Defs.' Obj., 9. Specifically, Plaintiffs discounted 2.8 hours of time billed for "attention to email" from their requested award, but Defendants claim that Plaintiffs billed an additional 14.9 hours for this task and that it is unclear whether that time is included in the Application. *Id.* at 9. Defendants also claim several entries related to research of corporate documents and a related state court case pending in Georgia are vague because it is unclear into which category in the Application they fall. *Id.* at 10.

  A party may not recover for time that is inadequately documented. *Combs*, 829 F.3d at 392. But when determining whether time has been properly documented, a court is not required to conduct a line-by-line review. *See Aguayo v. Bassam Odeh, Inc.*, No. 3:13-cv-2951-B, 2016 WL 7178967, at *4 (N.D. Tex. Dec. 8, 2016). Defendants identify several time entries they find problematic but fail to indicate where in the over twenty pages of invoices Plaintiffs attached to their Application these entries are located. The Court is not required to comb through the exhibits to analyze each particular time entry. And regardless of whether these entries are included in the fee amount for time spent opposing removal and seeking remand, the Court finds the requested fees and time spent reasonable. After the reductions for ordinary litigation expenses and estimated fees,

Plaintiffs' fee award is $21,477.50. For example, in procedurally similar cases, courts have awarded attorneys fees of $18,572 and $30,566 respectively. *W. Healthcare LLC,* 2016 WL 7735761 at *7; *Jiwani v. United Cellular, Inc.*, No. 3:13-cv-4243-M-BK, 2014 WL 4805781, at *8 (N.D. Tex. Sept. 29, 2014). Thus the fee award here is in line with similar cases.

D. *Costs*

Plaintiffs also ask for $333.33 in costs. Doc. 34, Pls.' Appl., 2, 8. Defendants object to these costs because Plaintiffs provide no documentation to support their request. Doc. 35, Defs.' Obj., 10, n.2. Defendants are correct. Plaintiffs reference an "Exhibit C" as support for their costs request, but there is no such exhibit attached to their Application. Plaintiffs also state that the amount of expenses is set forth in Exhibit A, Todd Harlow's affidavit, but the affidavit states only that Mr. Harlow believes "$333.33 is [] a reasonable amount of litigation-related expenses." Doc. 34, Pls.' Appl., Ex. A. Because Plaintiffs bear the burden of presenting adequate records as evidence, *W. Healthcare LLC*, 2016 WL 7735761 at *2, and Plaintiffs have failed to satisfy that burden, they may not recover the $333.33 they request in costs.

IV.

CONCLUSION

Plaintiffs request $33,737.50 in attorneys' fees and $333.33 in costs. The Court reduces this request by $12,260 and denies Plaintiffs' request for costs. Thus, the Court awards Plaintiffs $21,477.50.

**SO ORDERED**.

SIGNED: December 8, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE